STATE of Delaware

v.

Alfred HAMILTON.

Superior Court of Delaware,
New Castle County.

May 8, 1974.*

Charles P. Brandt, and William E. Wright, Deputy Attys. Gen., for the State.

Sidney Balick and Louis B. Ferrara, of Aerenson & Balick, Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

The defendant in this case was charged by the Grand Jury with murder in the second degree. The crime was alleged to have occurred May 19, 1973. The trial which took place February 19 through February 22, 1974, resulted in a jury verdict of guilty as charged. The undisputed evidence indicated that defendant shot and killed the victim with a small hand-gun which defendant admitted having in his possession on the night in question.

Thereafter defendant filed two motions for a new trial. The motions were based upon three separate contentions which are taken up below:

I

It is contended that the "verdict is against the weight of the applicable law," because there was uncontradicted testimony by the only psychiatrist who testified that, in his opinion, defendant was acting under extreme emotional distress at the time of the killing. Defendant seems to contend

---

\* After its publication in the advance sheet at 320 A.2d 347, this opinion was designated not for publication and withdrawn from the bound volume. Because the Opinion has been cited from time to time, it is published now to make it generally available.

that the jury was required to accept this opinion testimony as establishing defendant's mental condition at the time of the killing and therefore under the terms of 11 *Del.C.* § 641, defendant says the jury was required to find that the killing was manslaughter and not murder.

The psychiatrist was not present at the time of the killing. He interviewed defendant only once and that was almost eight months after the killing and less than a week before the trial.

The jury is not bound by the testimony of a medical expert. *Dashiell v. State*, 2 Storey 189, 52 Del. 189, 154 A.2d 688 (1959). It was not error for the jury to disregard that portion of the testimony.

## II

■ It is contended that the verdict was against the weight of the evidence. There was conflicting testimony as to the events immediately before the killing and there was also testimony that immediately afterwards the defendant declared that the shooting was accidental. The conflicting testimony created factual issues to be resolved by the jury. The contention that the verdict was against the weight of the evidence is found to be without merit. There was much testimony to support the verdict.

## III

■ Defendant also seeks a new trial on the basis of "newly discovered evidence."

The shooting took place during an altercation in a recreation room adjacent to a barroom at a club known as the Democratic League. Many persons were in the barroom at the time of the shooting. At the trial, the evidence tended to indicate that not more than five persons were in the recreation room at the time: the defendant, the victim and three other persons who said they witnessed the incident. All three of these other persons testified on behalf of the State. Although their recollections differed, the testimony of each of these witnesses was not inconsistent with a finding that defendant was guilty of murder in the second degree.

One of these witnesses was Mary Ann Tyler, the victim's fiancee, and it is her testimony only that would be under attack by the "newly discovered evidence." Her testimony indicated that defendant, after time of reflection, deliberately shot the victim when the victim was down on the floor incapable of defending himself or of injuring defendant.

The "newly discovered evidence" which forms the basis for the petition for a new trial consists of the testimony of a William J. Wertz who would testify that, at the time of the shooting, he and Mary Ann Tyler were among several persons at the bar in the barroom adjacent to the room in which the shooting took place and that Mary Ann Tyler was in such a position that she could not have seen what she said she saw since, contrary to her testimony, she did not go into the adjacent room until after the shooting was over.

The leading case in Delaware considering the granting of a new trial on the grounds of newly discovered evidence is *State of Delaware v. Lynch*, 2 W.W.Harr. 600, 32 Del. 600, 128 A. 565 (Del.Term.R.1925). That case holds that:

> "In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; (3) that it is not merely cumulative or impeaching."

In order to apply these tests to the circumstances of this case, a transcript of all the trial testimony has been prepared and a hearing was conducted at which Mr. Wertz gave his testimony.

After a review of the entire matter, I have come to the conclusion that defendant has failed to meet any of the requirements which would lead to the granting of a new trial.

It has not been shown that Mr. Wertz's evidence is such as would probably change the result if a new trial were granted. The testimony of the two eyewitnesses whose veracity Mr. Wertz does not attack is consistent with the verdict already reached. Furthermore, it is by no means certain that the attack on the veracity of Mary Ann Tyler by Mr. Wertz would be convincing to the jury.

Mr. Wertz testified that on the evening in question he had had about seven ten-ounce beers by the time of the shooting. He says he was at the bar near Mary Ann Tyler when it became apparent that an incident had taken place in the other room and he could observe that Mary Ann Tyler had not seen the shooting. He then left immediately because he did not want to be questioned. He took a girl home whose name he did not know to an address in Cleland Heights which he could not remember or describe.

Of the three persons who testified for the State as eyewitnesses of the crime, Mary Ann Tyler was known to the jury to be the fiancee of the victim and George Alston Riley was known to be the victim's brother-in-law. Their probable sympathy for the deceased and their possible prejudice against the defendant were matters that the jury would have weighed. But the third eye witness, a Carol Ann Smith, had never met any of the parties before the incident. Her testimony strongly supports the jury's verdict.

Assuming for the sake of considering this motion for a new trial, that Mr. Wertz's testimony would effectively knock out the testimony of Mary Ann Tyler, I am still of the opinion that the jury's verdict would not be different than it was.

In my opinion, it has not been established that the new evidence now offered by the defense could not have been discovered by defendant before the trial. Although the defense attorneys were extremely diligent in their preparation for trial and interviewed many persons before trial, they did not interview Mr. Wertz nor did they personally know he had been present in the barroom at the time of the killing. However, the defendant himself and several of the persons who were interviewed, including several who actually testified at the trial, did know that Mr. Wertz has been at the bar that evening shortly before the killing. He saw such persons and they saw him. He even talked to them later about the matter. His presence at the bar cannot be regarded as "newly discovered" within the legal tests.

What apparently was not known was the fact that, in all the confusion, he observed the location of Mary Ann Tyler so carefully that he could later testify that she could not have seen what she testified she saw. There is no reason to believe that this could not have been discovered before the trial. It was known that Mary Ann Tyler said she was an eye witness and many people knew that Mr. Wertz was among those present in the building. His prompt departure on the evening in question was followed within a few days by discussion of the events of the evening with a number of people including the defendant.

Although Mr. Wertz did not come to defense counsel's attention until after the trial and his name was not mentioned at the trial, defendant and others knew about Mr. Wertz and could have supplied the name if they had been asked for a list of those believed to be in the bar on the evening of the incident.

Finally, I find that the testimony of Mr. Wertz is merely impeaching. Mr. Wertz did not see the altercation which led up to the shooting nor did he see the shooting. He merely says that he saw Mary Ann Tyler and she could not have seen what she swore she saw.

Carol Ann Smith was the only eye witness who could be described as having had no prior contact with either the victim or the defendant. She said she had never been in the club before. She was sitting in the recreation room waiting for her husband to get her a drink because the bar was so crowded. She did not know any of the persons involved in the altercation. Her observations included what appeared to be

a disinterested account of an argument and fight in which defendant was the aggressor.

The testimony of Mr. Wertz may cast doubt on Mary Ann Tyler's veracity. If believed by the jury, it merely impeaches the sworn testimony which was already subject to close scrutiny since it came from the deceased's fiancee whose presence in the recreation room had not been observed by the other witnesses.

Under all the circumstances, I conclude there has been no showing that would justify the granting of a new trial.

The motion for a new trial is denied.

IT IS SO ORDERED.