**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4148
_____

KEVIN C. BRATHWAITE, Appellant

v.

*WARDEN PERRY PHELPS;
ATTORNEY GENERAL OF
STATE OF DELAWARE

* (Pursuant to FRAP 43(c))
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Civil No. 1-06-cv-00472)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2011
_____

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

(Opinion Filed: March 22, 2011)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

Kevin Brathwaite is serving several consecutive life sentences in Delaware for multiple counts of unlawful sexual intercourse and other crimes. The District Court denied his petition for habeas relief pursuant to 28 U.S.C. § 2254 after having concluded that the Supreme Court of Delaware did not unreasonably determine that Brathwaite, having asserted his right to represent himself, thereafter waived that right.[1] We will affirm.

## I.      BACKGROUND

In the Delaware Superior Court, where Brathwaite was tried in the underlying criminal case, Brathwaite filed a "Motion to Proceed Pro Sé [sic]," which was docketed on March 3, 1997. In the motion, he requested "permission to exercise his constitutional right to proceed pro sé [sic]." (R. at 68.) He stated that he thought "he would be more effective than his present counsel," David Facciolo, and that Facciolo refused to consider "many motions that [Brathwaite] has requested to be filed that would have been very instrumental to his release from custody." (*Id.* at 68, 70.) He also claimed that he was "being conspired against by the Attorney General's office and by the attorney's [sic] in the State of Delaware." (*Id.* at 69 (capitalization altered).) In discussing his motion to proceed pro se at a post-conviction hearing, Brathwaite was asked if he had been unhappy

---

[1] Brathwaite raised other issues in his petition, but the District Court granted a certificate of appealability solely on this issue, and we have not expanded it. We will therefore limit our review to that one issue. *See* 28 U.S.C. § 2253(c).

2

with Facciolo's representation, and he said that "[t]he main reason was [he] intended to represent [him]self, period," and that he "wrote the letter to the Court that [he] didn't want a Delaware attorney, period." (*Id.* at 160.)

Four days after the trial court received the motion to proceed pro se, it sent the motion and other documents to Facciolo and wrote that the court referred the matter to him because it would "not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense." (*Id.* at 71 (internal quotation marks omitted).) Apparently in response to the trial court's letter, Brathwaite promptly filed a "Motion to participate with counsel in the defense," in which he stated that he "strongly feels that if he participates with counsel in the defense, [h]is defense would be more effective." (*Id.* at 73.) In a letter to the trial court dated May 6, 1997, Brathwaite expressed frustration regarding continuances of his trial and "request[ed] that something be done about the tactics being used by the prosecutor and the public defender in [his] cases." (*Id.* at 82.) The trial court never ruled on Brathwaite's motion to proceed pro se or his motion to participate with counsel. Brathwaite claims, however, and the State does not contest, that Facciolo told Brathwaite that the court denied his motion to proceed pro se.

In December of 1997, the trial court granted Facciolo's motion to withdraw and appointed in his place Thomas Foley, who represented Brathwaite at trial and on direct appeal. After Foley was appointed, Brathwaite stopped filing pro se motions with the trial

3

court, and he did not again raise his request to represent himself until after his conviction. He claims that he stopped raising the issue before the trial court because he "[t]hought it would be like beating a dead horse." (*Id.* at 154.) He did not tell Foley that he wanted to represent himself, but he *did* tell Foley that his previous motion to do so was denied. Foley purportedly told Brathwaite that he would not "argue anything that's already been decided." (*Id.* at 161.)

During Foley's representation and before conviction, Brathwaite directly addressed the trial court multiple times. During these exchanges, he did not mention any dissatisfaction with Foley or ask to represent himself, and on several occasions he stated that he was satisfied with Foley's representation as to certain specific issues. (*See id.* at 146 (Brathwaite stating that he was "satisfied with [Foley's] representation" regarding specific trial strategy issues); *id.* at 147 (Brathwaite discussing the parties' plea negotiations with the trial court); *id.* at 150-51 (trial court's colloquy with Brathwaite regarding his desire to testify); *id.* at 152 (after a discussion with the trial court regarding Brathwaite's motion to dismiss certain counts, Brathwaite agreeing that he "concur[red] with [his] counsel's decisions thus far" and was "satisfied with his representation").)

The Supreme Court of Delaware affirmed Brathwaite's conviction and sentence on direct appeal, and denied him post-conviction relief. The Court found that the trial court erred when it suggested that Brathwaite was required to file a motion to participate with counsel in his defense when he clearly requested permission to represent himself. Rather,

4

"[a] motion to proceed *pro se* is properly 'perfected' [in Delaware] when filed with the court." (*Id.* at 120.) The Court "reject[ed] the state's arguments that Brathwaite's motion to proceed *pro se* was equivocal on its face, and that it was 'clarified' by his subsequent motion to participate with counsel in the defense." (*Id.* at 119 n.6.) Instead, the Court explained, the trial court gave Brathwaite the impression that he was required to get permission to participate in his defense before he could move to proceed pro se.

The Court nonetheless held that Brathwaite waived his right to self-representation because, as the trial court found, (1) Foley thought Brathwaite was satisfied with Foley's representation, (2) Brathwaite never told Foley that he wanted to represent himself, (3) Brathwaite told the trial court that "he was satisfied with Foley's representation," and (4) Brathwaite had the opportunity to "renew[] his request to proceed *pro se*," yet he never did so. (*Id.* at 121.) The Court concluded that "the only plausible explanation for Brathwaite's conduct is that he waived the right to proceed *pro se* in favor of exercising his constitutional right to counsel." (*Id.* at 122.)

In a thorough and well-reasoned opinion, the District Court held that the Supreme Court of Delaware reasonably concluded that Brathwaite clearly asserted his right to self-representation, that the Delaware trial court erred when it failed to entertain Brathwaite's motion to proceed pro se, and that his "failure to renew his request during Facciolo's period of representation should not be viewed as an abandonment of his right to self-representation." (*Id.* at 21.) The District Court also held, however, that "Brathwaite's

5

silence during . . . [the] appointment of new counsel and colloquies with [the] trial judge . . . supports the Delaware Supreme Court's conclusion that Brathwaite abandoned his previously asserted right to self-representation; once Facciolo withdrew as his counsel, Brathwaite changed his mind about representing himself and decided to exercise his right to counsel." (*Id.* at 22.)

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2254. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the decision of the District Court, as the Court did not hold an evidentiary hearing. *See Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009).

The Supreme Court of Delaware rejected the only claim before us on the merits. Applying the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we will therefore analyze whether the Supreme Court of Delaware's conclusion that Brathwaite waived his right to self-representation "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2] 28 U.S.C. § 2254(d)(1). This is "the only question that matters under § 2254(d)(1)." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). The Supreme Court of

---

[2] Brathwaite does not challenge the state court's findings of fact. With respect to the Supreme Court of Delaware's conclusion that Brathwaite waived his right to self-representation, "[d]etermining the requirements that must be satisfied in order to find an effective waiver of a constitutional right is a question of law." *United States v. Goldberg*, 67 F.3d 1092, 1097 (3d Cir. 1995) (discussing the standard of review for a district court's conclusion that a defendant knowingly and intelligently waived his right to counsel).

6

Delaware's decision would be "contrary to" Supreme Court precedent if the "court applie[d] a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confront[ed] a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[d] at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "Moreover, the state court judgment must not merely be contrary to law as articulated by any federal court. It must contradict 'clearly established' decisions of the United States Supreme Court alone." *Fischetti v. Johnson*, 384 F.3d 140, 147 (3d Cir. 2004).

Brathwaite does not explain whether he claims that the Supreme Court of Delaware's decision was contrary to or unreasonably applied Supreme Court precedent. Indeed, in his opening brief, Brathwaite altogether ignores our standard of review under AEDPA. The Supreme Court of Delaware did not, however, apply an incorrect legal rule, and the Supreme Court has not decided a case with facts that are materially indistinguishable from this case. The Supreme Court of Delaware's decision, therefore, was not contrary to Supreme Court precedent.

As to whether the Supreme Court of Delaware unreasonably applied Supreme Court precedent, a federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Under AEDPA, "§ 2254(d) stops short

7

of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

## III.   ANALYSIS

We agree with Brathwaite, the Supreme Court of Delaware, and the District Court that Brathwaite clearly asserted his right to self-representation and that the Delaware trial court erred by not addressing his motion to proceed pro se. The only contested issue before us is whether the Supreme Court of Delaware unreasonably applied Supreme Court precedent when it held that Brathwaite waived his right to self-representation after Foley was appointed. Brathwaite initially argues that "[t]he error here was in failing to ever assess whether Brathwaite could represent himself." (Appellant's Br. at 19.) He concedes in his reply brief, however, that after a defendant asserts his right to self-representation, a defendant may waive that right. (*See* Appellant's Reply Br. at 1.) He argues that the courts that have reviewed this issue erred in concluding that *he* waived it. Our task is not, however, to determine whether the Supreme Court of Delaware was *correct*. Section 2254(d) requires us to defer even to an *incorrect* decision, as long as it is not an *unreasonable* application of Supreme Court precedent.

8

In his initial brief on appeal, Brathwaite does not acknowledge the standard of review that § 2254(d) obliges us to apply to the ruling of the Supreme Court of Delaware, and in both his initial and reply briefs he fails to argue that the Supreme Court of Delaware's decision regarding waiver involved an unreasonable application of any Supreme Court precedent. We will nonetheless review the Supreme Court precedents on which Brathwaite relies and determine whether "fairminded jurists could disagree that the state court's decision conflicts with [those] precedents." *Harrington*, 131 S. Ct. at 786.

In *Faretta v. California*, the Supreme Court held that "a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." 422 U.S. 806, 807 (1975). The Sixth Amendment guarantees both the right to counsel and the right to self-representation, but "it is clear that it is representation by counsel that is the standard, not the exception." *Martinez v. Court of Appeal*, 528 U.S. 152, 161 (2000). To assert the right to self-representation, a defendant "must voluntarily and intelligently elect to conduct his own defense, and most courts require him to do so in a timely manner." *Id.* at 161-62 (internal quotation marks and citations omitted). After a defendant asserts his desire to represent himself, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835 (internal quotation marks omitted).

An improper denial of the right to self-representation "is not amenable to

9

'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). A defendant may waive the right to self-representation, however, by giving his or her "express approval" to counsel's participation. *Id.* at 182. With respect to the participation of standby counsel, "[o]nce a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced." *Id.* at 183. The Court in *McKaskle* addressed the involvement of standby counsel in a pro se defendant's trial, a factual scenario different than the one presented here. It nonetheless suggested that after a defendant asserts his right to self-representation, he may waive that right without a specific colloquy with the trial court or similar formal procedure. There is no evidence in the record that Brathwaite explicitly invited, agreed to, or gave his "express approval" to Foley's representation, but the Supreme Court has not held that a defendant in Brathwaite's situation *must* do so for a court to determine that he waived his right to self-representation.

Brathwaite argues that he "did not abandon his request to proceed pro se" but rather "merely complied with what he reasonably believed to be the court's adverse decision on his motion." (Appellant's Br. at 22.) In support of this contention, Brathwaite primarily relies on *Buhl v. Cooksey*, 233 F.3d 783 (3d Cir. 2000), in which we reversed a district court's denial of a habeas petition under § 2254 because the state trial court

10

improperly rejected Buhl's request to represent himself.[3] The district court in that case held that "Buhl had vacillated between assigned counsel and self-representation" and "that Buhl's concession to hybrid representation negated the need for any further inquiry into his written motion to proceed *pro se*." *Id.* at 789. We stated that "[i]t is well established that a defendant can waive the right of self-representation after asserting it." *Id.* at 800. We held, however, that Buhl had not waived that right but rather "acquiesced to counsel's role during the course of a hearing in which the trial court affirmed its inclination to deny Buhl's motion to proceed *pro se* on at least six different occasions" and during which the trial judge "told Buhl that he could not appoint another defense attorney." *Id.* at 802.

*Buhl* is distinguishable from this case for two key reasons. First, we decided *Buhl* "[u]nder the pre-AEDPA standard" and did not give *any* deference, much less the significant deference that § 2254(d) now demands, to "[t]he state court's legal findings." *Id.* at 789. Second, Buhl was forced to go to trial with the same counsel that he had when he asked to represent himself, but Brathwaite went to trial with new counsel, who was appointed *after* Brathwaite requested permission to represent himself. *Buhl* thus provides little guidance regarding how to apply AEDPA, as interpreted in *Williams* and *Harrington*, to this case.[4]

---

[3] We discuss *Buhl* because it is a precedential opinion that binds the District Court and us. The Supreme Court of Delaware was, however, under no obligation to follow *Buhl*. *See Fischetti*, 384 F.3d at 147.

[4] In *Buhl*, we quoted from *Orazio v. Dugger*, 876 F.2d 1508 (11th Cir. 1989). *Buhl*,

11

Brathwaite has failed to carry his burden under § 2254(d). He contends that he only acquiesced in what he believed was the trial court's denial of his request to proceed pro se and that he maintained a desire to represent himself throughout his trial. Even if we assume that the conclusion Brathwaite urges us to draw regarding waiver is plausible, "fairminded jurists could [readily] disagree that the state court's decision conflicts with [the Supreme] Court's precedents," *Harrington*, 131 S. Ct. at 786, and the Supreme Court of Delaware's decision was therefore a reasonable application of Supreme Court precedent under § 2254(d).

## IV. CONCLUSION

We will affirm the District Court's denial of Brathwaite's habeas petition.

---

233 F.3d at 803. Brathwaite seeks support from that case, but like *Buhl*, *Orazio* was decided before AEDPA. It also binds no court that has entertained Brathwaite's argument that the Delaware trial court violated his right to self-representation.