**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE     )
                           )     I.D. No. 9510007098
v.                   )
                           )
KEVIN C. BRATHWAITE     )
                           )
Defendant.     )

Submitted: July 9, 2014
Decided:  August 29, 2014

Upon Defendant's Third Motion for Postconviction Relief.
**DENIED.**

Upon Defendant's Motion for Appointment of Counsel.
**DENIED.**

Upon Defendant's Motion for Discovery.
**DENIED.**

## ORDER

Gregory E. Smith, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin C. Brathwaite, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 29th day of August, 2014, upon consideration of Defendant's Third Motion for Postconviction Relief, it appears to the Court that:

1.    In 1998, a jury found Kevin Brathwaite ("Defendant") guilty of multiple counts of unlawful sexual intercourse and related crimes in

the assaults of three women.[1] Defendant was sentenced to six life terms, plus an additional 110 years.[2] The Supreme Court of Delaware affirmed Defendant's convictions on direct appeal on October 22, 1999.[3]

2. Defendant filed his First Motion for Postconviction Relief/Motion for a New Trial in 1999.[4] It was denied and the Supreme Court of Delaware affirmed the decision on July 10, 2006.[5]

3. Defendant subsequently filed, *pro se*, a petition for a writ of habeas corpus that was denied by the United States District Court.[6] The Third Circuit affirmed this denial on March 22, 2011.[7]

4. Defendant filed his second, *pro se*, Motion for Postconviction Relief on February 28, 2013[8] on the grounds he was entitled to relief under *Martinez v. Ryan.*[9] A Commissioner recommended the motion be denied and the Court adopted the Commissioner's Report and Recommendation on May 14, 2013.[10] Defendant did not appeal.

5. Defendant now files this 101 page Third Motion for Postconviction Relief with two voluminous appendices based on the following six grounds for relief:

    a. "Because Movant was never provided formal notice of the charges against him, as guaranteed by the Sixth Amendment and Del. Const. Art.1, §7, the Superior Court never lawfully invoked its subject matter jurisdiction to try, convict or punish Movant rendering his convictions null & void."

    b. "When the Superior Court denied Movant his fundamental right to formal notice, it also denied him Due Process of Law and a fair trial in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution and Art. 1 §7 of the Delaware Constitution."

---

[1] St.'s Response at 3.

[2] *Id.*

[3] *Braithwaite v. State*, 741 A.2d 1025, 1999 WL 1090581 (Del. Oct. 22, 1999) (ORDER).

[4] For a more detailed account of Defendant's complicated procedural history, *see Brathwaite v. State*, 903 A.2d 322 (Del. 2006).

[5] *Id.*

[6] *Brathwaite v. Phelps*, 2009 WL 3345595 (D. Del. 2006).

[7] *Brathwaite v. Phelps*, 418 Fed.Appx. 142 (3d Cir. 2011), *cert denied*, 131 S.Ct. 3038 (2011).

[8] Motion for Postconviction Relief, Docket #199 (Feb. 28, 2013).

[9] 132 S.Ct. 1309 (2012).

[10] Order, Docket #205 (May 14, 2013).

c. "Movant was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel during direct appeal by appellate counsel's failure to raise a jury instruction error that was per se reversible error."

d. "The trial court lost the jurisdiction to proceed after it denied Movant a Faretta hearing on his unequivocal, timely request to proceed pro se in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution and Del. Const., Art. 1, §7."

e. "Movant was denied his right to have access to the courts when tangible evidence was illegally confiscated and lost by the state prosecutor's office."

f. "The Superior Court denied Movant his Sixth Amendment right to conflict free counsel when the court allowed counsel to continue representing Movant after he had been disqualified due to a conflict of interest."[11]

6. Defendant argues that jurisdictional issues, the rules applied, and counsel's ineffective assistance (during trial and post-trial) overcome any procedural bars under Superior Court Rule of Criminal Procedure 61 and require the Court to hold an evidentiary hearing.[12]

7. Defendant also filed a Motion for Appointment of Counsel and Motion for Discovery.[13] Defendant filed two previous Motions for Appointment of Counsel with his current postconviction motion on January 29, 2014 and March 4, 2014.[14] This Court has already denied these motions in an order dated April 29, 2014 holding that "Defendant's motion fails to establish the requisite good cause because it does not provide any factual support or legally viable argument which would justify granting the relief sought. He simply proclaims in conclusory terms that there were errors and/or misconduct by his attorney which were extremely prejudicial to his defense."[15]

8. Defendant filed this Third Motion for Appointment of Counsel on June 19, 2014.[16] In it, Defendant again offers only conclusory

---

[11] Def.'s Mot. for Postconviction Relief at 4-5.
[12] Def.'s Reply at 3-4.
[13] Def.'s Mot. for Appointment of Counsel; Def.'s Mot. for Discovery.
[14] Docket # 211 (Jan. 29, 2014); Docket #212 (March 4, 2014).
[15] Order, Docket #214 (Apr. 29, 2014).
[16] Docket #218 (June 19, 2014).

statements that his previous counsel was ineffective, that his current postconviction motion is "very complex," and that the State colluded with the Department of Corrections to "illegally confiscate" evidence that supports his claim.[17] In his Motion for Discovery, Defendant requests "all letters and photographs…confiscated by the [D]epartment of [C]orrections and a copy of a handwriting expert's report to "properly present his appeal issues."[18]

9. Under the Delaware Superior Court Rules of Criminal Procedure, a Motion for Postconviction Relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[19] A motion exceeds time limitations if it is filed more than one year after the conviction is finalized or they assert a newly recognized, retroactively applied right more than one year after it is first recognized.[20] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior postconviction proceeding."[21] Repetitive motions are only considered if it is "warranted in the interest of justice."[22] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedural default unless movant can show "cause for relief" and "prejudice from [the] violation."[23] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing" are barred.[24] Former adjudications are only reconsidered if "warranted in the interest of justice."[25] The procedural bars may also be overcome if Defendant presents a "claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[26]

10. Before addressing the merits of this Third Motion for Postconviction Relief, the court must first apply the procedural bars of Superior Court

---

[17] Def.'s Mot. for Appointment of Counsel at 1-2.
[18] Def.'s Mot. for Discovery at 1-2.
[19] Super. Ct. Crim. R. 61(i).
[20] Super. Ct. Crim. R. 61(i)(1).
[21] Super. Ct. Crim. R. 61(i)(2).
[22] *Id.*
[23] Super. Ct. Crim. R. 61(i)(3).
[24] Super. Ct. Crim. R. 61(i)(4).
[25] *Id.*
[26] Super. Ct. Crim. R. 61(i)(5).

Criminal Rule 61(i).[27] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[28]

11.  Defendant's Motion is procedurally barred in several ways. First, Defendant's motion was filed more than three years[29] after Defendant's conviction was finalized under Rule 61(i)(1) when his direct appeal was denied in 1999.[30]  Defendant argues no retroactive rights to overcome this bar.

12.  In addition, Defendant's claims as to ineffective assistance of counsel, his issues with conflicted counsel, and *pro se* rights are procedurally barred as previously adjudicated. These issues have been thoroughly addressed in both state and federal courts. Simply restating or reframing these claims does not change the fact that Defendant's arguments have already been considered and rejected.[31]

13.  Even if the Court were to consider the ineffective assistance assertion as to jury instructions as new, then it is barred as a repetitive motion under Rule 61(i)(2) and the requirements of Rule 61(b)(2). Defendant would have had knowledge of the ground when he filed his original postconviction motion and his failure to include it bars further consideration. This Court does not find Defendant's argument that he was unaware of this ground due to a missing page of the transcript[32] compelling, as he was present when the jury instructions were read. Likewise, Defendant would also have had knowledge of his allegedly faulty notice of the indicted charges and his first and second grounds could also be considered repetitive.

14.  Defendant's ground asserting missing evidence, assuming it is not time-barred, can also be barred as procedurally defaulted. Defendant contends that because the confiscation happened during his post-conviction proceedings that he could not have asserted it in an earlier postconviction motion.[33] Defendant, however, fails to show "cause for

---

[27] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[28] *Id.*

[29] The one-year limitation is an amendment to Rule 61, effective July 1, 2005. Defendant is therefore subject to the original three year limitations period prior to 2005. Defendant is still, however, twelve years beyond that limitation.

[30] Super. Ct. Crim. R. 61(m)(2) ("A judgment of conviction is final for the purpose of this rule … If the defendant files a direct appeal or there is an automatic statutory review of a death penalty, when the Supreme Court issues a mandate or order finally determining the case on direct review").

[31] *Younger*, 580 A.2d 552 at 556 ("Neither federal nor state courts are required to relitigate in postconviction proceedings those claims which have been previously resolved.").

[32] Def.'s Mot. for Postconviction Relief at 43.

[33] Def.'s Reply at 3.

relief" and "prejudice from [the] violation" beyond bald assertions of "actual injury" and complaints that the Court then "adjudicate[d] the proceedings based upon theoretical conjecture" when the Judge presumed the evidence presented would have been used to argue the victim was not telling the truth (which is exactly what Defendant contends that evidence supports).[34] Defendant's arguments fail to overcome this bar.

15. Defendant's attempts to overcome the procedural bars of Rule 61 in the "interests of justice" or under the exceptions of Rule 61 (i)(5)[35] due to the failure of the Superior Court to establish and/or maintain jurisdiction over his case, the unconstitutionality of the Superior Court Rules applied, and counsels' ineffective assistance (both during and after trial) fail. This Court finds that the "interest of justice" does not require any of the above procedural bars to be reversed. The Delaware Supreme Court has explained:

> [T]he "interest of justice" exception provides two pathways to demonstrate that a claim is not procedurally barred. The exception applies when (1) "the previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed," or (2) there is an "equitable concern of preventing injustice." But the interest of justice exception is narrow and will only be applied in limited circumstances.[36]

"Justice does not require that an issue that has been previously considered and rejected be revisited simply because the claim is refined or restated."[37] Defendant's substantial claims have been addressed by this Court and he provides no new evidence that warrants a reversal of the procedural bars.

16. Turning to Defendant's jurisdictional arguments, this Court finds them to be without merit. Defendant argues that "[t]here are …numerous jurisdictional issues that must be addressed which can

---

[34] Def.'s Mot. for Postconviction Relief at 80-83.

[35] Super. Ct. Crim. R. 61 (i)(5) ("*Bars Inapplicable.* The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.").

[36] *Lindsey v. State*, 83 A.3d 738, 2014 WL 98645, at *3 (Del. Jan. 9 2014) (ORDER)(footnotes omitted) (quoting *Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000).

[37] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990), *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719 (1992).

never be waived or barred."[38] "However, as stated above, a challenge to the court's jurisdiction must be 'colorable' to avoid being subjected to the three year limitations period. Any jurisdictional claim which is frivolous on its face will be barred from consideration by application of Rule 61(i)(1)."[39] This Court finds Defendant's claims, and specifically his claim that issues with his indictment and other court errors either failed to establish or extinguished subject matter jurisdiction, to be "frivolous on [their] face" and therefore do not overcome the bars of Rule 61.[40]

17. Defendant also asserts that he must overcome the procedural bars of Rule 61 because he has "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[41] "This exception to the procedural bars is very narrow and is only applicable in very limited circumstances."[42] However, "[a] claim of ineffective counsel in violation of the Sixth Amendment to the United States Constitution, by its very nature, qualifies as just such an exception."[43] Defendant claims his ineffective assistance of counsel claims therefore overcome the procedural bar. This Court finds that Defendant has failed to show that he has "a colorable claim." Also Defendant's extensive complaints about his counsel have previously addressed by this Court and others. The Court finds these arguments, while lengthy, unpersuasive to apply the "very narrow" exception of Rule 61(i)(5).

18. To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate first that counsel's performance was deficient. To prove counsel's deficiency, a Defendant must show that counsel's representation fell below an objective standard of reasonableness.[44] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and

---

[38] Def.'s Reply at 3.

[39] *Nasir v. State*, 593 A.2d 590, 1991 WL 78453, at *1 (Del. May 3,1991) (ORDER).

[40] *See Grosvenor v. State*, 913 A.2d 569, 2006 WL 3461435 (Del. Dec. 1, 2006) (ORDER) (holding Defendant's argument that the Court lacked jurisdiction because a burglary charge in his indictment was invalid failed to overcome the time-bar of Rule 61). *See also Nasir*, 593 A.2d 590 at *1 ("Nasir contends that the Superior Court lost jurisdiction because of a discrepancy between the original charges in the arrest warrant and the charges contained in the Grand Jury indictment. We find this argument to be a totally frivolous basis for a jurisdictional claim and, therefore, hold that the Superior Court was correct in procedurally barring the claim from consideration.").

[41] Super. Ct. Crim. R. 61(i)(5).

[42] *State v. Wilmer*, 2003 WL 751181 (Del. Super. Feb. 28, 2003), *aff'd*, 827 A.2d 30 (Del. 2003).

[43] *Id.*

[44] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

7

substantiate them."[45] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[46] Secondly, a Defendant must demonstrate that the deficiencies prejudiced the Defendant by depriving him or her of a fair trial with reliable results. A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[47] Defendant has simply failed to show that the potential jury instruction error meets (or any of the other errors alleged) meets his burden.

19. This Court already addressed Defendant's Motion for Appointment of Counsel in its decision dated April 29, 2014. As discussed above, Defendant again asserts only conclusory statements that he needs counsel which fail to show good cause why this matter should be revisited.

20. Addressing Defendant's Motion for Discovery "[t]his Court [has] noted that Rule 61 does not provide for additional discovery but that it has the power to grant 'particularized discovery for good cause shown.'"[48] Defendant's bare bones motion that these items are "very pertinent and necessary for [Defendant] to be able to properly present his appeal issues" fails to establish good cause for this Court to grant particularized discovery.

21. Whether or not an evidentiary hearing should be held is at the judge's discretion.[49] "It is well-settled that the Superior Court is not required to conduct an evidentiary hearing upon a Rule 61 motion if, on the face of the motion, it appears that the petitioner is not entitled to relief."[50] "If it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates."[51] It appears on the face of Defendant's motions that he is not entitled to relief. Accordingly, the Court has decided, in its discretion, not to grant the Defendant an evidentiary hearing.

---

[45] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[46] *Strickland*, 466 U.S. at 689.
[47] *Id.* at 694.
[48] *State v. Manley*, 2011 WL 6000796 (Del. Super. Nov. 28, 2011) (quoting *Dawson v. State*, 673 A.2d 1186, 1197 (Del. 1996).
[49] Super Ct. Crim. R. 61(h)(1).
[50] *Hawkins v. State*, 839 A.2d 666, 2003 WL 22957025, at *1 (Del. 2003) (ORDER).
[51] Super Ct. Crim. R. 61(h)(3).

Therefore, Defendant's Third Motion for Postconviction Relief, Motion for Appointment of Counsel and Motion for Discovery are **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary
cc:    Investigative Services