# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 9510007098 |
| | ) | |
| KEVIN C. BRATHWAITE, | ) | |
| | ) | |
| Defendant | ) | |

Submitted: July 31, 2017
Decided: October 23, 2017

On Defendant's Motion for Postconviction Relief and Motion for Appointment of Counsel. **SUMMARILY DISMISSED.**

# ORDER

John W. Downs, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Gregory E. Smith, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin C. Brathwaite, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 23rd day of October, 2017, upon consideration of Defendant's Fourth Motion for Postconviction Relief and Fourth Motion for Appointment of Counsel, it appears to the Court that:

1. In 1998, a jury found Kevin Brathwaite ("Defendant") guilty of multiple counts of unlawful sexual intercourse and related crimes in the assaults of three women. Defendant was sentenced to six life terms, plus an additional 110 years. The Supreme Court of

1

Delaware affirmed Defendant's convictions on direct appeal on October 22, 1999.[1]

2. Defendant filed his First Motion for Postconviction Relief/Motion for a New Trial in 1999.[2] This Court denied that Motion on March 17, 2003 and the Supreme Court of Delaware affirmed the decision on July 10, 2006.[3]

3. Defendant subsequently filed, *pro se,* a petition for a writ of habeas corpus that was denied by the United States District Court.[4] The Third Circuit affirmed this denial on March 22, 2011.[5]

4. On February 28, 2013, Defendant filed his second, *pro se,* Motion for Postconviction Relief. A Commissioner recommended denial of the motion and the Court adopted the Commissioner's Report and Recommendation on May 14, 2013. Defendant did not appeal.

5. Defendant filed his third, *pro se,* Motion for Postconviction Relief on July 9, 2014 asserting six grounds for relief.[6] This Court denied Defendant's Motion on procedural grounds on August 29, 2014.[7]

6. Defendant also filed three Motions for Appointment of Counsel on January 29, 2014; March 4, 2014; and June 19, 2015.[8] This Court denied the January 29, 2014 and March 4, 2014 Motions on April 29, 2014 holding that "Defendant's motion fails to establish the requisite good cause because it does not provide any

---

[1] *State v. Brathwaite*, 2014 WL 4352170 (Del. Super. Ct. Aug. 29, 2014), *aff'd,* 113 A.3d 1080 (Del. 2015).

[2] *Brathwaite v. State*, 903 A.2d 322 (Del. 2006).

[3] *Id.*

[4] *Brathwaite v. Phelps*, 2009 WL 3345595 (D. Del. Oct. 16, 2009), *aff'd,* 418 F. App'x 142 (3d Cir. 2011).

[5] *Brathwaite v. Phelps*, 418 F. App'x 142 (3d Cir. 2011), *cert denied* 131 S.Ct. 3038 (2011).

[6] *State v. Brathwaite*, 2014 WL 4352170, at *1 (Del. Super. Ct. Aug. 29, 2014), *aff'd,* 113 A.3d 1080 (Del. 2015).

[7] *Id.* at *4.

[8] *Id.*

factual support or legally viable argument which would justify granting the relief sought. He simply proclaims in conclusory terms that there were errors and/or misconduct by his attorney which were extremely prejudicial to his defense."[9] The Court denied Defendant's Third Motion for Appointment of Counsel for the same reasons on August 29, 2014.[10]

7.  On April 27, 2015, the Supreme Court of Delaware affirmed this Court's denial of Defendant's Third Motion for Postconviction Relief and Third Motion for Appointment of Counsel.[11]

8.  Defendant has now filed his Fourth Motion for Postconviction Relief and his Fourth Motion for Appointment of Counsel based on the following grounds for relief:

    a. "[An] affidavit and sworn statement establish by clear and convincing evidence [Defendant's] actual innocence and constitutes newly discovered evidence that was previously unavailable."[12]

    b. "[T]he trial judge abused his discretion in failing to continue the trial on the Court's own motion and further failed to report prosecutorial misconduct and potential felony law violations[.]"

    c. "[A]ppellate counsel rendered ineffective representation by failing to raise the above issues on appeal.

    Defendant also raises various arguments that his trial counsel was ineffective, such as trial counsel failed to subpoena,

---

[9] *Id.*

[10] *Id.* at *4 (denying both Defendant's Third Motion for Postconviction Relief and Third Motion for Appointment of Counsel).

[11] *Brathwaite v. State*, 113 A.3d 1080 (Del. 2015) (holding that "the denial of Brathwaite's third motion for postconviction relief and motions for appointment of counsel . . . should be affirmed on the basis of the Superior Court's well-reasoned orders dated April 29, 2014 and August 29, 2014.").

[12] Defendant provided two affidavits as exhibits to his Motion. The first Affidavit is from one of Defendant's ex-girlfriends, Valerie A. Relation. ("Affidavit A"). The second affidavit is from the cousin of one of Defendant's victims who testified against him, Salan Chapman. ("Affidavit B").

3

investigate, locate, and impeach certain witnesses, failed to offer timely objections at trial, failed to adequately raise arguments related to potential exculpatory *Brady* evidence, and that trial counsel "exhibited [a] conflict of interest by failing to report witness intimidation by Government Agents."

9. Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[13] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[14] The procedural "bars" of Rule 61 are: timeliness, repetitiveness, procedural default, and former adjudication.[15] A motion is untimely if it is filed more than one year after the conviction is finalized or defendant asserts a new constitutional right that is retroactively applied more than one year after it is first recognized.[16]

10. A motion is repetitive if it is a "second or subsequent motion."[17] The procedural default bar applies where grounds for relief are not raised "in the proceedings leading to the judgment of conviction," unless defendant can show "cause for relief" and "prejudice from [the] violation."[18] Grounds for relief that have been formerly adjudicated in the case including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing" are barred.[19] "If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5)".[20] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[21]

---

[13] Del. Super. Ct. Crim. R. 61.

[14] *State v. Stanford*, 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State*, 135 A.3d 748, 756 (Del. 2016)).

[15] Del. Super. Ct. Crim. R. 61(i); *Stanford*, WL 2484588, at *2.

[16] Del. Super. Ct. Crim. R. 61(i)(1).

[17] Del. Super. Ct. Crim. R. 61(i)(2).

[18] Del. Super. Ct. Crim. R. 61(i)(3).

[19] Del. Super. Ct. Crim. R. 61(i)(4).

[20] *Stanford*, WL 2484588, at *2.

[21] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (holding that "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

11. Before it may address the merits of Defendant's Fourth Motion for Postconviction Relief, this Court must analyze the procedural bars of Superior Court Criminal Rule 61(i).[22] If one or more of the procedural bars applies, then this Court will not proceed to consider the merits of Defendant's postconviction claim.[23]

12. Defendant's Motion is procedurally barred for several reasons. Defendant's Motion was filed more than three years[24] after Defendant's conviction was finalized under Rule 61(i)(1) when his direct appeal was denied in 1999.[25]

13. Also, as this is Defendant's Fourth Motion for Postconviction Relief, it is procedurally barred as repetitive.

14. Even if the Court were to look past the untimely and repetitive procedural bars to Defendant's Motion, it nonetheless fails.

15. Defendant's argument that he was afforded ineffective assistance of counsel is procedurally barred as previously adjudicated. Defendant has unsuccessfully argued ineffective assistance of counsel in all four of his motions for postconviction relief. The issue has been thoroughly addressed in both state and federal courts. As this Court has previously held, "[s]imply restating or reframing these claims does not change the fact that Defendant's arguments have already been considered and rejected."[26]

---

[22] *Brathwaite*, 2014 WL 4352170, at *2.

[23] *Id.*

[24] The one-year limitation is an amendment to Rule 61, effective July 1, 2005. Defendant is therefore subject to the original three year limitations period prior to 2005. Defendant is still, however, twelve years beyond that limitation.

[25] Del. Super. Ct. Crim. R. 61(m)(2) (A judgment of conviction is final for the purpose of this rule . . . [i]f the defendant files a direct appeal or there is an automatic statutory review of a death penalty, when the Supreme Court issues a mandate or order finally determining the case on direct review."

[26] *Brathwaite*, 2014 WL 4352170, at *2 (holding that "Defendant's claims as to ineffective assistance of counsel, his issues with conflicted counsel, and *pro se* rights are procedurally barred as previously adjudicated.").

5

16. Further, Defendant again asserts a newly discovered evidence ground for relief. This ground for relief is also procedurally barred as previously adjudicated. In Defendant's First Motion for Postconviction Relief, this Court illustrated the standard for newly discovered evidence in response to Defendant's argument that he was entitled to a new trial:

> In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial and could not have been discovered before by the exercise of due diligence; (3) that it is not merely cumulative or impeaching. [27]

17. While the evidence in question here differs from the 2003 evidence, the reasoning remains consistent. First, the author of Affidavit A admits that she could have been located to testify at Defendant's trial in 1997 with relative ease.[28] It is thus not evidence that "could not have been discovered before by the exercise of due diligence."[29] Also, Affidavit B is "merely . . . impeaching" because it questions the credibility of one of Defendant's victims who testified against him.[30]

18. Further, as to the grounds for relief that trial counsel rendered ineffective assistance of counsel for an alleged failure to take certain actions during the course of the trial, that argument is likewise unavailing. Delaware courts have consistently held "[t]he decision about what evidence to present remains with defense counsel and in a given case counsel may, quite reasonably, refrain from presenting evidence."[31] To support a

---

[27] *State v. Brathwaite*, 2003 WL 1410155, at *3 (Del. Super. Ct. Mar. 17, 2003), *aff'd,* 903 A.2d 322 (Del. 2006) (quoting *State v. Hamilton*, 406 A.2d 879, 880 (Del. Super. Ct. 1974)).

[28] Def.'s Mem. In Support of Mot. For Postconviction Relief, Ex. A at 4-5, (July 31, 2017) ("It definitely would not have been very hard to locate me if he had actually tried at all.")

[29] *Hamilton*, 406 A.2d at 880.

[30] Def.'s Mem. In Support of Mot. For Postconviction Relief, Ex. B at 2, (July 31, 2017) ("So when [Salan Chapman] says her and Kevin were never intimately involved, she is blatantly and absolutely telling a lie.").

[31] *Flamer*, 585 A.2d at 757 (citing several *Burger v. Kemp*, 483 U.S. 776, 790 (1987)); *see also Rodriguez v. State*, 109 A.3d 1075, 1077 (Del. 2015) (holding that trial counsel's failure to object to evidence, failure to move for mistrial, failure to suppress evidence, and decision to defer giving

6

claim of ineffective assistance of counsel, a defendant must demonstrate counsel's deficiency as measured by an objective level of reasonableness and that the deficiency deprived defendant of a fair trial with reliable results.[32] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[33] Defendant's conclusory allegations that his trial counsel was ineffective because he "failed to" take certain specific actions that Defendant now identifies in retrospect, are insufficient to make a claim of ineffective assistance of counsel.

19.     Finally, as this is Defendant's Fourth Motion for Appointment of Counsel, it is procedurally barred as repetitive. Additionally, not unlike his previous Motions for Appointment of Counsel, Defendant again asserts only conclusory statements that he needs counsel. His assertions fail to show good cause because they lack factual support and fail to provide a legally viable argument.

Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.


   **IT IS SO ORDERED.**


                                         _____
                                         Richard R. Cooch, R.J.



cc:     Prothonotary
        Investigative Services

---

his opening statement until the close of the State's case as a matter of trial strategy did not support a claim of ineffective assistance of counsel.).

[32] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[33] *Brathwaite*, 2014 WL 4352170, at \*4 (quoting *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)).