**Johnny WILSON, Jr., Petitioner
below, Appellant,**

v.

**STATE of Delaware, Respondent
below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 10, 1976.
Decided March 30, 1977.

David D. Finocchiaro, Asst. Public Defender, Dover, for petitioner below, appellant.

Milton P. Shafran, Deputy Atty. Gen., Wilmington, counsel on appeal, for respondent below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal presents the question of whether the prosecutor's non-disclosure of an exculpatory statement deprived the defendant of his constitutional right to a fair trial.

I.

The defendant was convicted of second degree murder (11 *Del.C.* § 635) and sentenced to life imprisonment. Claiming

newly discovered evidence, consisting of a non-disclosed statement from an eyewitness supporting the defendant's contention of self-defense, the defendant filed a motion for a new trial; after an evidentiary hearing, the motion was denied. Upon appeal, the conviction was affirmed by this Court without reaching the constitutional issues raised in the present appeal. The defendant then filed, *pro se*, a petition for writ of habeas corpus in the United States District Court, contending that the alleged non-disclosure of the eyewitness's statement violated his constitutional right to a fair trial. The writ was denied on the ground that the defendant had failed to exhaust state remedies.

Thereafter, the defendant sought post-conviction relief under Superior Court Criminal Rule 35 on the constitutional ground. After an evidentiary hearing, the application was denied on the basis that it was improbable that a different verdict would have been rendered if the eyewitness had in fact testified. This appeal is from that denial. We affirm.

## II.

Recently, the United States Supreme Court, in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), had occasion to clarify the constitutional requirement of prosecutorial disclosure. Therein, the constitutional mandate was stated:

"[U]nless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose." 427 U.S. at 108, 96 S.Ct. at 2399

Under *Agurs*, "materiality" is the key to the existence of the constitutional duty of disclosure. Moreover, "the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." 427 U.S. at 109–110, 96 S.Ct.

at 2400. The proper standard for materiality, reflecting an "overriding concern with the justice of the finding of guilt", was set forth in *Agurs* as follows:

"*[I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.*" (emphasis supplied)

427 U.S. at 112–113, 96 S.Ct. at 2401–02.

We consider the present problem in the light of the *Agurs* guidelines.

The defendant's basic contention is that the non-disclosed statement "by its very nature is highly material" and likely to create a reasonable doubt, which did not otherwise exist, in the mind of the jury. If correct, the constitutional test of materiality would be satisfied. Unfortunately, the defendant's conclusion is founded upon an "abstract" consideration of the statement's importance, rather than one viewed in the "context of the entire record" mandated by *Agurs* as the proper test of materiality.

When viewed in the context of the entire trial record and the subsequent hearings on the various motions, the assertions of materiality of the exculpatory statement became unconvincing. Among the factors which the Trial Judge considered effective to offset the non-disclosed evidence were: (1) the defense attorney's failure to produce the witness at trial despite his knowledge of the eyewitness's presence at the scene of the offense; (2) at trial and under oath, the defendant's denial of the presence of the eyewitness whose statement he now seeks to use; and (3) the important differences between the non-disclosed statement and the witness's testimony at the hearing on the motion for a new trial, indicating the

witness's confusion as to the events which had transpired more than two years before.

In view of these factors, we find no error in the Trial Judge's conclusion that it was not probable that the evidence, represented by the non-disclosed statement, would change the results of the trial.

### III.

■ The defendant raises two additional grounds, both of which are aimed at establishing prosecutorial misconduct: (1) the non-disclosure of the exculpatory statement, which differed dramatically from the testimony of the State's witness, was a deliberate failure by the Attorney General to correct false or perjured testimony; and (2) the absence of the eyewitness at trial was the result of deliberate action by the Attorney General.

The record fails to substantiate any charge of deliberate misconduct and misbehavior by the State. At worst, the non-disclosure was negligent and unintentional. Moreover, the effect of prosecutorial misconduct, as it relates to non-disclosed evidence, was specifically addressed and resolved by the Supreme Court in *Agurs, supra* :

> "Nor do we believe the constitutional obligation [of disclosure] is measured by the moral culpability, or the willfulness, of the prosecutor. If evidence highly probative of innocence is in [the prosecutor's] file, he should be presumed to recognize its significance even if he has actually overlooked it. Conversely, if evidence actually has no probative significance at all, no purpose would be served by requiring a new trial simply because an inept prosecutor incorrectly believed he was suppressing a fact that would be vital to the defense. *If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor.*" (emphasis supplied)

427 U.S. at 110, 96 S.Ct. at 2400.

In the light of the rejection of the defendant's argument as to the "materiality" of the non-disclosed statement, we find these additional grounds to be without merit.

Affirmed.