Larry L. JOHNSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 21, 1979.

Decided Jan. 4, 1980.

Nancy Jane Mullen, Asst. Public Defender, Wilmington, for defendant below, appellant.

James A. Natalie, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

McNEILLY, Justice:

Defendant appeals the denial of post conviction relief under Superior Court Criminal Rule 35(a) contending that the Trial Judge abused his discretion because: (1) counsel was denied production of a written statement, made by a material witness to the police prior to trial, inconsistent with the witness' trial testimony, in violation of due process as enunciated in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); and (2) the inconsistencies and post trial recantations of the witnesses' inculpatory trial testimony were sufficient for the Trial Judge to have been "reasonably well-satisfied" that prejudicial perjury was committed requiring a new trial.

I

The written statement in issue was made by the material witness, Gerald Cotton, concerning an incident unrelated to the convictions of kidnapping, rape and robbery for which defendant seeks a new trial. At the time of giving the written statement, however, Cotton, under interrogation orally implicated defendant in the rape case. At trial Cotton testified that defendant had made certain admissions to him concerning the rape, but further testified that he had made no statement to the police regarding the rape. The Trial Judge found as fact that Cotton 'equated the term "statement" with a written document.' The Trial Judge further found that Cotton's statement was only marginally relevant to his trial testimony; that its value for impeachment purposes was extremely limited and readily explainable; that its production would not have assisted the defense and clearly its absence did not raise an issue of reasonable

doubt because of the victim's positive in-court identification of defendant to secure the written statement for impeachment purposes was of little significance in the total quantum of trial evidence.

In finding that production of the omitted statement "would not have materially assisted the defense and . . . its absence does not raise an issue of reasonable doubt," the Trial Judge applied the appropriate standard of materiality laid down in *Agurs*, inasmuch as defense had made no prior request for "Brady" materials.

As to the suggestion of Cotton's perjury at trial and the recantations, the Trial Judge found the former questionably inconsistent and the latter to be the products of prison atmosphere to be received with great caution. *United States v. Hamilton*, 5th Cir., 559 F.2d 1370 (1977).

We accept the Trial Judge's findings of fact under the rule of judicial restraint enunciated in *Levitt v. Bouvier*, Del. Supr., 287 A.2d 671 (1972) and we find no abuse of discretion nor error of law in the denial of defendant's motion for a new trial in light of the prosecutorial disclosure requirements of *United States v. Agurs*, supra, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Wilson v. State*, Del.Supr., 372 A.2d 198 (1977) as well as under the existing standard for granting a new trial of a witness' recantation enunciated in the unreported opinion of *State v. Jackson*, C.A. 1671, 1973 (unreported opinion) (September 26, 1978), citing *United States v. Wallace*, 4th Cir., 528 F.2d 863 (1976).

AFFIRMED.