# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,    )
         )
     v.       )    ID No. 1403009301
         )
JAMES R. SIMMERS,    )
         )
    Defendant.    )

# <u>ORDER</u>

This 18th day of February, 2015, upon review of Defendant's Motion for a New Trial, the State's response in opposition thereto, and the record of this case, the Motion is hereby DENIED. It appears that:

1. On October 28, 2014, a jury convicted Defendant James R. Simmers ("Defendant") of two counts of Rape Fourth Degree and one count of Indecent Exposure Second Degree. The conviction was based on a March 12, 2013 incident in which a woman (the "Complaining Witness") testified that Defendant digitally penetrated her vagina and anus without her consent and exposed his penis to her while they were walking in a neighborhood wooded area.

2. Defendant is scheduled to be sentenced after a pre-trial investigation is completed.

3. On November 5, 2014, Defendant filed a Motion for a New Trial pursuant to Superior Court Criminal Rule 33 on the basis of newly discovered evidence. Defendant contends that, "just minutes before opening statements," the State disclosed to him that "the [C]omplaining [W]itness . . . had recently accused another person of [an unrelated] sexual assault."[1] He further contends that such evidence "tends to impeach [the Complaining Witness'] statement."[2]

4. On November 21, 2014, the State filed its response in opposition to Defendant's Motion. The State agrees that a social worker informed the State, during jury selection, that the Complaining Witness mentioned a recent unrelated incident where she alleged that she was groped by a different person other than Defendant. The State then immediately informed Defendant's attorney "in an abundance of caution."[3] The State also indicated to the defense that the groping incident was inadmissible or irrelevant.

5. Specifically, the State maintains that the Complaining Witness "mentioned a recent incident in which another developmentally challenged individual[4] touched her breast outside of her clothing" and that the State's social worker learned of this as the social worker prepared the Complaining Witness'

---

[1] Def.'s Mot. for New Trial, at ¶ 7 (Nov. 5, 2014).

[2] *Id.* at ¶ 8.

[3] State's Resp., at 2 (Nov. 21, 2014).

[4] The Complaining Witness is developmentally challenged but was found to be competent to testify.

mother to testify in the instant case on the day of trial.[5]  According to the State, the "recent incident" did not upset the Complaining Witness, the Complaining Witness only mentioned the incident to her mother once, and neither the Complaining Witness nor her mother ever reported the incident to the police.

6.　　The State argues that Defendant's Motion for New Trial should be denied because "the facts and visceral reactions made by the [Complaining Witness] are extremely dissimilar" to the facts in the instant case and the [C]omplaining [W]itness' reactions in the instant case[6], the State disclosed the information to Defendant at "the first opportunity after learning of the information," Defendant "declined to explore the issue any further" before trial[7], and the information does not impeach the Complaining Witness' testimony.  The State also contends that the information would be barred from admission by Delaware's rape shield law.

7.　　Under Superior Court Criminal Rule 33, a defendant may file a motion for a new trial based on the ground of newly discovered evidence before or within two years after final judgment.[8]  If the motion for new trial is timely filed,

---

[5] State's Resp. at 2.

[6] *Id.* at 5.

[7] *Id.* at 4.

[8] Super. Ct. Crim. R. 33 ("A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case").

the Court has the discretion to grant a new trial to the defendant "if required in the interest of justice."[9]

8.     Here, Defendant timely filed his Motion for a New Trial on the ground of newly discovered evidence in accordance with Rule 33.

9.     To obtain a new trial on the ground of newly discovered evidence, a defendant is required to show: "(1) that newly discovered evidence would have probably changed the result if presented to the jury, (2) that the evidence was discovered since trial, and could not have been discovered before trial with due diligence, and (3) that the evidence is not merely cumulative or impeaching."[10]

10.     In the instant case, Defendant's conviction is based on the Complaining Witness' report that Defendant digitally penetrated her vagina and anus and exposed his penis to her. The information about the "recent [groping] incident" probably would not have changed the result, was known to the defense prior to trial, and the defense acknowledged its only value would be for impeachment purposes.

11.     The defense has failed to show how a recent groping incident by a developmentally challenged man occurring at least a year after Defendant was accused of digitally penetrating the Complaining Witness' vagina would tend to

---

[9] *Id.*

[10] *Swan v. State*, 28 A.3d 362, 387 (Del. 2011) (citing *Lloyd v. State*, 534 A.2d 1262, 1267 (Del. 1987)). *See also Shockley v. State*, 2006 WL 1277809, *2 (Del. May 8, 2006); *State v. Hamilton*, 406 A.2d 879 (Del. Super. 1979).

exculpate Defendant. The unreported groping incident is temporally distant from Defendant's charges and is factually dissimilar to the case at hand. The "recent incident" involved a different person, a different type of act, at a different location, did not visibly upset the Complaining Witness when she told her mother about the incident, and did not prompt her or her mother to contact the police or file a report. Thus, Defendant's unsubstantiated assertion that "the admission of the unrelated accusation of sexual assault is likely to change the result of trial"[11] lacks merit.[12]

12. Furthermore, the information about the "recent incident" is not new to the defense. Defendant acknowledges that he was aware of the information prior to trial and has failed to explain how it is "newly discovered." Indeed, the State disclosed the groping incident during jury selection. Defendant had the opportunity to bring the information to the Court's attention before the jurors were sworn, opening statements were given, or during the course of the trial. The record reflects that the Court asked counsel, prior to opening statements, whether there were any unresolved matters.

> **THE COURT:** So, are we ready to bring the jury in?
>
> **MR. ZUBROW:** Yes, Your Honor.[13]

---

[11] Mot. for New Trial at ¶ 8.

[12] *See Evans v. State*, 2004 WL 1790191, *3 (Del. Aug. 3, 2004) (affirming the Superior Court's denial of a motion for new trial where the defendant failed to show that the "new" evidence would have changed the result if the evidence been presented to the jury).

[13] Trial Transcript, at 78 (Oct. 28, 2014).

13.     The record also reflects that the Court again asked counsel whether there were any outstanding issues at the end of the first day of trial.

>   **THE COURT:**     So, tomorrow we will resume at 9:30 in the morning, and we are in recess now.  Please have a safe trip home.
>
>   (Whereupon, the jury exits the courtroom at 3:50 p.m.)
>
>   **THE COURT:** Any other matters that need to be discussed before we break?
>
>   **MR. ZUBROW:** No, Your Honor.
>
>   **MR. MOTOYOSHI:** No, Your Honor.[14]

14.     Moreover, Defendant did not raise this issue the next trial day – at the in-chambers conference to discuss the charges and jury instructions or later that day.

>   **MR. MOTOYOSHI:** I agree, your Honor, I'm not going to present any evidence or make any argument that there was consent that was ineffective, the defense would be that Mr. Simmers wasn't there, he didn't do this, so it's not. . . I think in this case the evidence is that she said no, and so it was without consent.[15]
>
>   . . . .
>
>   **MR. MOTOYOSHI:** Your Honor, I have one civilian witness who will take about five minutes, at tops. It's my understanding that my client will not testify.  So

---

[14] *Id.* at 185.

[15] Trial Transcript, at 6 – 7 (Oct. 29, 2014).

if your Honor would like to, before we bring the jury in go over the colloquy with my client, and then we can do the one witness, and then I rest, and however you want to proceed after that.[16]

. . . .

[In the courtroom.]

**THE COURT:** All right. Good morning, everyone.

**COUNSEL:** Good morning, your Honor.

**THE COURT:** Okay. We are resuming the case of the State against James Simmers. The State has rested. This is the time where the defense has an opportunity to present a case if it wishes to.
Mr. Motoyoshi, do you have any witnesses?

**MR. MOTOYOSHI:** I do, your Honor.
Your Honor, also I'd like the Court to address Mr. Simmers on his decision not to testify.

**THE COURT:** Okay.[17]

. . . .

**THE COURT:** So we will proceed, then, with the defense putting on a witness, if the State has any rebuttal, and then we will take a break. And when we come back after that break, then you can do closing arguments, and I'll go right into instructions, all right?

**MR. ZUBROW:** That's fine, your Honor, I'm prepared for my closing, barring something extremely

---

[16] *Id.* at 11.

[17] *Id.* at 12.

7

unforeseen.  So I don't know if we need that break unless the Court wants it.

THE COURT: Well, this way you can review the instructions again.

MR. ZUBROW: Sure.  Thank you, your Honor.

THE COURT: Before you do your closing arguments.

MR. MOTOYOSHI: Thank you, your Honor.

THE COURT: All right.  Are we ready to bring the jury in, then?

MR. ZUBROW: Yes, your Honor.[18]

[The jury is brought in and trial resumes.]

. . . .

(Jury leaves the courtroom at 10:32 a.m.)

THE COURT: All right, counsel, are there any other matters that we need to take care of it right now?

MR. ZUBROW: No, your Honor.

MR. MOTOYOSHI: No, your Honor.

THE COURT: Okay.  I'm going back up to chambers, I'm going to see how far Michelle has gotten in those revisions for the instructions, and she will bring them down to you so you can review them.  If there are any issues or any questions, please get the information to me right away.

---

[18] *Id.* at 14 – 15.

**MR. ZUBROW:** Yes, ma'am.

**MR. MOTOYOSHI:** Thank you, your Honor.[19]

. . . .

**THE COURT:** Anything else?

**MR. ZUBROW:** That's it from the State, your Honor.

**MR. MOTOYOSHI:** Nothing else, your Honor.

**THE COURT:** All right. The final version is going to be typed right now. Are we ready to begin with closing arguments?

**COUNSEL:** Yes, your Honor.

**THE COURT:** All right. Let's bring the jury in.[20]

15. It appears as though the defense made a strategic decision to not raise this as an issue despite several opportunities outside of the jury's presence. This Court has held that a defendant's choice not to use information that the defendant "was well aware of prior to and during the trial does not then mean a defendant can term the evidence 'newly discovered' for purposes of seeking a new trial."[21]

---

[19] *Id.* at 25.

[20] *Id.* at 28.

[21] *State v. Weber*, 2007 WL 1653132, *2 (Del. Super. May 31, 2007), *rev'd on other grounds*, 971 A.2d 135 (Del. 2009). *See also State v. Brathwaite*, 2003 WL 1410155, *3 (Del. Super. Mar. 17, 2003) (denying a motion for a new trial where the defendant admitted that he knew of the "new evidence" in question prior to trial and did not alert the Court before or during trial), *aff'd*, 2006 WL 1911132 (Del. July 10, 2006).

16. Here, it is uncontroverted that the State disclosed the information before trial and the defense did not ask the Court to conduct a hearing concerning whether the unreported groping incident was admissible. Contrary to Defendant's assertion that "[h]ad the information been provided earlier than minutes before opening statements, the Court could have conducted a hearing outside the presence of the jury," the defense has not shown that the receipt of the information during jury selection prevented the defense from raising the issue. The Court could have addressed the issue and conducted a hearing at any point (including the several recesses and each invitation to inform the Court of any issues) during the two-day trial.[22] Indeed, the Court granted the Defendant's motion *in limine* for a *voir dire* of the Complaining Witness, regarding understanding of an oath, immediately prior to jury selection.

17. In addition, although Defendant claims that the information at issue "tends to impeach [the Complaining Witness'] statement," the law is clear that impeachment is not a sufficient reason to grant a new trial.[23]

---

[22] Mot. for New Trial at ¶ 7.

[23] To the extent that Defendant might be questioning the Complaining Witness' sexual proclivities and history, a defendant who is prosecuted for rape does not have an absolute right to confrontation at trial. *State v. Burns*, 2007 WL 2677064, *8 (Del. Super. Sept. 11, 2007), *rev'd on other grounds*, 968 A.2d 1012 (Del. 2009). Delaware's rape shield law provides that any evidence offered to attack the credibility of the complaining witness is admissible, but "'only when the statutory procedure in [11 *Del. C.* § 3508] is followed and the court determines that the evidence proposed to be offered by the defendant regarding the sexual conduct of the alleged victim is relevant.'" *Cooke v. State*, 97 A.3d 513, 546 (Del. 2014) (quoting *Wright v. State*, 513 A.2d 1310, 1314 – 15 (Del. 1986)). *See also Jenkins v. State*, 2012 WL 3637236, *3 (Del. Aug. 23, 2012); 11 *Del. C.* § 3509(d) ("Nothing in [§ 3509] shall be construed to make inadmissible any evidence offered to attack the credibility of the complaining witness as provided in § 3508 of this title").

18. Lastly, *Larrison v. United States*[24], cited by Defendant, is inapplicable. The three-prong *Larrison* test is the standard for motions for a new trial based on recanted testimony.[25] Defendant does not allege any witness recantation, indeed, witness testimony remained unchanged despite cross-

---

Moreover, the timing of the disclosure would not have precluded Defendant from complying with the procedural requirements outlined 11 *Del. C.* § 3508(a) if he had sought to offer the information as evidence of the Complaining Witness' sexual conduct to attack the Complaining Witness' credibility.

Pursuant to 11 *Del. C.* § 3508(a),

> if evidence of the sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness the following procedure shall be followed:
>
> > (1) The defendant shall make a written motion to the court and prosecutor stating that the defense has an offer of proof concerning the relevancy of evidence of the sexual conduct of the complaining witness which the defendant proposes to present, and the relevancy of such evidence in attacking the credibility of the complaining witness.
> >
> > 2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.
> >
> > (3) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at such hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant.
> >
> > (4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant, and is not admissible, the court may issue an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court.

Furthermore, if the prosecutor introduces evidence or the complaining witness gives testimony that "relates to the complaining witness' sexual conduct, the defendant may cross-examine the witness who gives such testimony and offer relevant evidence limited specifically to the rebuttal of such evidence." *See* 11 *Del. C.* § 3509(c). *See also* 11 *Del. C.* § 3509(a) ("Notwithstanding any other provision of this Code to the contrary, and except as provided in this section, in any prosecution for any degree of rape, unlawful sexual intercourse, unlawful sexual penetration or unlawful sexual contact, any opinion evidence, reputation evidence and evidence of specific instances of the complaining witness' sexual conduct, or any of such evidence, is not admissible by the defendant in order to prove consent by the complaining witness"). This did not occur in the instant case.

[24] *Larrison v. U.S.*, 24 F.2d 82 (7th Cir. 1928), *overruled by U.S. v. Mitrione*, 357 F.3d 712 (7th Cir. 2004).

[25] *Blankenship v. State*, 447 A.2d 428, 433 – 34 (Del. 1987) (reaffirming the *Larrison* test as the standard for reviewing a motion for a new trial based on witness recantation, which the court previously adopted in *Johnson v. State*, 410 A.2d 1014 (Del. 1980)). *See also State v. Page*, 2013 WL 4828600, *2 (Del. Super. Aug. 13, 2013).

examination. Defendant's suggestion of possible recantation is speculative and unsupported.

19. Therefore, because Defendant has failed to show how the information at issue would have probably changed the result if presented to the jury, failed to show that the information was discovered after trial and could not have been brought to the Court's attention and addressed by the Court before trial, and failed to show that the information is not merely cumulative or impeaching, Defendant is not entitled to a new trial in the interest of justice.

Accordingly, Defendant's Motion for a New Trial on the ground of newly discovered evidence is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Diane Clarke Streett,
Judge

Original to Prothonotary

cc:   Eric Zubrow, Esquire, Deputy Attorney General
      Sean A. Motoyoshi, Esquire